# CIRCUIT COURT OF ROCKINGHAM COUNTY

In re Lindsay D. Phillips, a minor,
Kyle H. Phillips, a minor,
Jonathan R. Phillips, a minor

BY JUDGE JOHN J. MCGRATH, JR.

## July 2, 1997

The Petitioner, the father of the three minors listed above, seeks appointment as Guardian of his children under §§ 31-4 to 31-6 of the Code of Virginia for the sole purpose of disclaiming any interest his children may have in an *inter vivos* trust created by their maternal grandfather. These disclaimers would be part of a family scheme for the decedent's widow, his children, and his grandchildren to disclaim certain deferred payments which would go to the *inter vivos* trust subject to estate tax and instead for the payments to go by intestacy to the widow and thus be sheltered from taxation by the marital deduction.

The immediate effect of such disclaimer is to increase the net amount going directly to the widow by approximately $1,100,000.00. The benefit to the children by virtue of the disclaimer is claimed to be that the sum available for distribution to these grandchildren when their mother dies (which is estimated to be in approximately 43 years, (see § 8.01-419 of the Code of Virginia)), will be $61,756,938.00 instead of $60,193,069.00. This benefit is contingent upon a number of assumptions, including, but not limited to, the children's grandmother and mother (and possibly their father) not expending the money or otherwise disposing of the monies in a fashion not now contemplated.

Although the interest of the children in the *inter vivos* trust set up by their grandfather is only that of contingent remaindermen, it is nevertheless an expectancy now in existence which cannot be altered by the voluntary acts of others. It can be defeated only by their mother surviving her mother. If the mother of the three children predeceases her mother ("the widow"), the children will then have a vested right to the *per stirpes* distribution of one third of the trust corpus.

The decision in this case is not an easy one, but when all of the factors are considered, the disclaimer by the three grandchildren yields benefits to these grandchildren which are so remote, so contingent, and so *de minimis* (*i.e.*, increasing their potential combined inheritance from their mother from $60,193,069.00 to $61,756,938.00 forty-three years hence) that the Court cannot agree that such a disclaimer is in the best interest of Lindsay D. Phillips, Kyle H. Phillips, and Jonathan R. Phillips. Therefore, the Petition for the appointment of a guardian for the purposes of disclaiming these interests in the *inter vivos* trust of July 25, 1983, is denied.

The Guardian ad litem is directed to prepare an order incorporating this letter opinion and which order shall provide for the Guardian ad litem's fees to be paid by the Petitioner.

July 3, 1997

The Court has taken under advisement the Petitioner's Motion for Reconsideration of this Court's letter opinion dated July 2, 1997. Having considered the additional arguments advanced by counsel, the Court is not persuaded that its opinion of July 2, 1997, should be reversed.

Although the Code of Virginia contains explicit provisions (§ 37.1-142) permitting the guardian of a mentally incompetent adult to disclaim an interest in property and explicit provisions providing for a *sui juris* individual or the personal representative of a deceased person to disclaim such an interest (§ 64.1-188), there is no specific statutory authority for the guardians of minors to execute such a disclaimer on behalf of their wards, particularly where the wards receive no *quid pro quo*. *Cf. Hite v. Hite*, 23 Va. (2 Rand.) 409 (1824).

The Court understands that post-mortem tax minimization is permissible and frequently used. However, the Court continues of the view that, although what the children in this case give up by such a disclaimer is highly contingent and speculative, what they would gain (as opposed to the members of their family) is even more remote and speculative. Therefore, the Court declines to reconsider its ruling of July 2, 1997.